THE EBLING BREWING COMPANY, Respondent, *v.* GIO-
VANNI SARRACINO et al., Appellants.

*Mortgage — foreclosure — action to foreclose mortgage — defense of pay-
ment in part and tender of balance due — counterclaim for conversion
of chattels.*

*Ebling Brewing Co.* v. *Sarracino*, 206 App. Div. 695, affirmed.
(Argued November 28, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered June 1, 1923, affirming a judgment in favor of
plaintiff entered upon a decision of the court on trial at
Special Term in an action to foreclose a mortgage on
real property. The answer set up a counterclaim for
the conversion of certain chattels together with a defense
of payment of part of the sum due and tender of the balance.

*Herman Roth* for appellants.
*Louis Susman* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND,
McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THORWALD PETERS, Respondent, *v.* INGRID PETERSEN,
Appellant.

*Appeal — practice — dismissal of complaint on merits — when modi-
fication by Appellate Division so as to dismiss complaint without
prejudice, proper.*

*Peters* v. *Petersen*, 206 App. Div. 719, affirmed.
(Argued November 28, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,
entered June 25, 1923, modifying and affirming as modi-
fied a judgment in favor of defendant entered upon a
dismissal of the complaint by the court on trial at Special
Term. The action was in equity for the rescission of a
contract. The judgment of the trial court dismissed the
complaint upon the merits. The Appellate Division
modified the judgment of the trial court so as to dismiss

the complaint without prejudice instead of upon the merits. The question was whether after submitting findings of fact and conclusions of law to the trial court and excepting to the findings and conclusions made and failing to move for a correction of the judgment dismissing upon the merits so as to have stricken out the words " upon the merits," a plaintiff may raise on appeal the objection that the dismissal should have been without prejudice.

*Joseph P. Barrett* for appellant.

*John S. Montgomery* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

PANZIERI-HOGAN Co., INC., Respondent, *v.* HARRY H. BENDER, Appellant.

*Contract — action to recover balance unpaid on building contract — defense of damage by delay in completion of work — when strike excuse for delay.*

*Panzieri-Hogan Co., Inc.,* v. *Bender,* 205 App. Div. 398, affirmed.

(Argued November 28, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 25, 1923, affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover a balance conceded to remain unpaid by defendant to plaintiff upon a contract for the construction of a building. The answer, putting in issue no allegation of the complaint, alleges, by way of defense and counterclaim, that defendant, through plaintiff's failure to complete the building within the stipulated time, sustained damages through loss of rents to an amount equivalent to the balance unpaid upon the contract. The reply, besides putting in issue most of the material allegations of the counterclaim, avers, as an excuse for the delay in the completion of the building, a strike on the part of plaintiff's employees.